IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

PAUL CHMIEL

 Plaintiff,

v.

SEDO.COM, LLC, ET AL.

 Defendants

Case No. 1:08-cv-00365-HHK

Oral Hearing Requested

## MOTION TO REMAND

Plaintiff, Paul Chmiel, by and through undersigned counsel, hereby files this Motion to Remand pursuant to 28 U.S.C. §1447 and states as follows:

### Relevant History

This action commenced on January 18, 2008 in the District of Columbia Superior Court and was assigned case number 2008 CA 000428 B. Shortly thereafter, Plaintiff's attorney sent service papers, including a summons and copy of the complaint to Defendants Sedo and mTLD.

Plaintiff's attorney sent the service papers to Sedo.com, LLC's resident agent as registered with the State of Massachusetts: "Ulrich Essman, 161 First St, 4th Floor, Cambridge, MA, 02142." See Plaintiff Exhibit #24. This address is also Sedo's "principal place of business" according to Massachusetts records. Id. Plaintiff's package was delivered "at 11:24 AM on January 25, 2008 in CAMBRIDGE, MA 02142" according to United States Postal Service Records. See Plaintiff Exhibit #25. The "green card" returned by the Postal Service displays the same information. See Plaintiff Exhibit #26.

A Notice of Removal was jointly filed by mTLD and Sedo on February 28, 2008. Plaintiff Exhibit #27. The matter was subsequently transferred to the United States District Court for the District of Columbia.

## Legal Standards

The process of removal from state to federal court is governed by 28 U.S.C. §§ 1446 and 1447. 28 U.S.C. § 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) *The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based*, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (emphasis added). 28 U.S.C. § 1447 provides, in relevant part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447. As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). Because removal ousts a state court of jurisdiction, the U.S. Supreme Court has recognized that "regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the (removal) statute has

defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941). Finally, "any ambiguities regarding the existence of removal jurisdiction must be resolved in favor of remand." Nwachukwu v. Karl, 223 F. Supp. 2d 60, 66 (D.D.C. 2002). Accordingly, the removing Defendants bear the burden of proof in any removal attempt.

**Remand is Appropriate**

Remand is appropriate in this matter because the Defendants failed to remove the action in a timely fashion and there is no unanimity of Defendants. Even where the procedural defects were not present, this action, primarily requesting specific performance, does not meet the amount in controversy required for federal jurisdiction.

*A. Removal was Not Timely*

Federal law requires that any notice of removal be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. §1446(b). As the Supreme Court has recognized, if the summons and complaint are served together, as is the case here, "the 30-day period for removal runs at once." Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).

District of Columbia courts have decided that "unless all defendants express such consent to removal in a timely manner, the removal procedure is defective." Williams v. Howard Univ., 984 F. Supp. 27, 29 (D.D.C. 1997) (citations omitted). Because all Defendants must join in any removal action, discussed more fully below, courts have recognized that "the 30-day period for removal commences to run from the date the first defendant receives a copy of the complaint." Teitelbaum v. Soloski, 843 F. Supp. 614, 615 (D. Cal. 1994) (citing Brown v. Demco, Inc., 792 F.2d 478, 481-82 (5th Cir. 1986); Transport Indem. Co. v. Financial Trust Co., 339 F. Supp. 405 (C.D.Cal. 1972)).

As shown, Defendant Sedo was served with a copy of Plaintiff's initial pleading and summons on January 25, 2008. <u>See</u> Plaintiff Exhibits #25, 26. The Defendants' Notice of Removal was filed on February 28, 2008, which was several days beyond the 30 day window allowed by statutory law. <u>See</u> Plaintiff Exhibit #27.

Sedo is not eligible to remove the action because the Defendants' Notice of Removal was not filed within 30 days of Sedo accepting service. Accordingly, the Defendants are not eligible to remove this action, and it must be remanded to the Superior Court.

*B. There Is No Unanimity of Defendants*

As discussed, Sedo is not able to join in the attempt to remove this action because it failed to file for removal in the time allowed under federal law. District of Columbia courts have joined other courts in finding for the "Three Musketeers Rule," which requires that "multiple defendants must unambiguously and independently show that in seeking to remove a case from state court to federal court they are 'all for one, one for all.'" <u>Williams v. Howard Univ.</u>, 984 F. Supp. 27, 28 (D.D.C. 1997).

Sedo is not able to show that it may independently join the action, because it failed to remove the matter timely. Thus, even where mTLD may have met the deadline, Sedo did not, and Sedo's inability to join in the removal spells doom to any attempt to remove.

Also worthy of note is the fact that Defendant Colombani did not show willingness to remove the matter. Defendant Colombani was recently added to the action and had not yet been served at the time of removal. It is true that District Courts have recognized that not-yet-served Defendants are subject to special circumstances. The fact remains, however, that of the three "Musketeers" in this action, only one, mTLD, meets the necessary standard of "unambiguous"

4

willingness to remove the matter. This is well short of the "all for one, one for all" standard and precludes any attempted removal by the Defendants.

*C. Alternatively: Amount in Controversy Requirements Have Not Been Met*

Even where the Defendants had met the procedural requirements of removal, there is question as to the whether the required $75,000 amount in controversy is met in this action. Defendants argue that the value of the matter is in excess of $75,000, supported by an affidavit provided by mTLD's Caroline Greer.[1] See Docket #1.

Plaintiff Chmiel requests the *specific performance* of the transfer of the domain names that he lawfully won at auction. In the District of Columbia it is well established that courts should "determine the jurisdictional amount by looking to the cost to the defendant of complying with any equitable relief." National Organization for Women v. Mutual of Omaha Ins. Co., 612 F. Supp. 100, 107 (D.D.C. 1985) (citing Smith v. Washington, 192 U.S. App. D.C. 443, 593 F.2d 1097, 1099 (D.C. Cir. 1978); Committee for GI Rights v. Callaway, 171 U.S. App. D.C. 73, 518 F.2d 466, 473 (D.C. Cir. 1975)).

Following the standard adopted by District of Columbia courts, the question becomes a cost of Defendants' compliance with awarding the property to Plaintiff Chmiel for the invoiced prices received after the auction had closed. To comply with such a mandate, mTLD would have to do nothing more than simply communicate to the transferring party, Sedo, mTLD's willingness to transfer the domain names to Plaintiff Chmiel.

The total cost of such an action? Absolutely nothing. Neither party would have to spend a dime in order to comply with the injunctive relief requested by Plaintiff Chmiel.

---

[1] While not relevant to the analysis because this matter concerns injunctive relief, the "monetary value" of the names would be the combined total of the five invoices Plaintiff received from Defendants mTLD and Sedo themselves at the close of the auction. That amount is less than $70,000, still short of the requisite $75,000 for federal jurisdiction.

While it is true that Plaintiff Chmiel also requests other relief, there is no indication that such relief will exceed $75,000 because determination of federal jurisdiction is based on events at the time of removal. Post-removal events have no effect on whether jurisdiction exists. See generally Burns v. Windsor Ins. Co., 31 F.3d 1092, at fn 12. To prove that federal jurisdiction is appropriate at the time of removal, the removing Defendants "must show a reasonable probability that the stakes exceed the amount in controversy." Wexler v. United Air Lines, 496 F. Supp. 2d 150, 156 (D.D.C. 2007). Here, as in Wexler, "the amount in controversy is uncertain, and ambiguities are to be resolved in favor of remand." Id. The Defendants' failure to show particularized damages in excess of $75,000 thus requires remand.

The Defendants will face minimal, if any, costs in complying with the injunctive relief requested by the Plaintiff. Moreover, Defendants' failure to reasonably show that Plaintiff's other relief will exceed $75,000 requires that this matter be resolved in favor of remand.

**Costs and Fees Are Appropriately Awarded to Plaintiff**

mTLD and Sedo's attempted removal of this case to federal court calls for payment of just costs and any actual expenses, including attorney fees, incurred by Plaintiff Chmiel. Federal law provides that "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," are properly awarded to the prevailing Plaintiff. 28 U.S.C. § 1447(c).

As the U.S. Supreme Court has recently recognized, "the process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (U.S. 2005). The court goes on to find that removal actions are appropriate, "*when the statutory criteria are satisfied*," but are not appropriate, and fees are

6

properly awarded, when removals are "sought for the purpose of prolonging litigation and imposing costs on the opposing party." Id. (emphasis added). Even where no bad faith is found, "by adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith." Moore v. Permanente Medical Group, 981 F.2d 443, 446 (9th Cir. 1992).

The removing Defendants in the case at bar, both represented by numerous capable and distinguished counsel, knew that an attempt at removal was not legally supportable. Counsel for Defendants had to do nothing more than read the applicable statute, 28 U.S.C. §§ 1446(b), refer to a calendar and calculate that their time for attempting to remove the matter had already passed. Attempts to remove the matter to federal court comfortably past the clear statutory deadlines calls into question the Defendants' intentions in filing for removal. More importantly, Defendants' chosen actions did not "satisfy the statutory criteria," as the Supreme Court requires to avoid an imposition of fees.

As a result of Defendants' actions, Plaintiff incurred costs in drafting and arguing this Motion to Remand, the clerks of both courts were given unnecessary workloads, and a judge in the very busy United States District Court for the District of Columbia had to spend valuable time ruling on a removal that was clearly facially invalid. Circumstances like these were exactly what Congress sought to preclude when providing statutory authority for costs and attorney's fees. Accordingly, fees and costs are appropriately awarded in this case.

## Conclusion

Defendants' attempt to remove this matter was untimely and did not meet the requisite unanimity of all Defendants. Even if the matter had been procedurally valid, the amount-in-controversy requirement is not met given the minimal costs to Defendants in complying with the

injunctive relief requested in this matter. Given these shortcomings, Plaintiff respectfully requests that this court remand the matter to the Superior Court for the District of Columbia and award costs and fees related to the Plaintiff's response to the attempted removal.

## Oral Hearing Requested

Plaintiff respectfully requests an oral hearing.

Respectfully submitted,

_____
Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
eric.menhart@cyberlaw.pro
Phone: 202-434-8711
Fax: 240-539-6235
http://www.cyberlaw.pro

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of March, 2008, a copy of the foregoing was electronically filed with the Clerk of the Court. All counsel of record registered with the Court's electronic filing system were automatically served by the system.

_____
Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
eric.menhart@cyberlaw.pro
Phone: 202-434-8711
Fax: 240-539-6235
http://www.cyberlaw.pro

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL CHMIEL ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEDO.COM, LLC, ET AL. ) <br> ) <br> Defendants ) | Case No. 1:08-cv-00365-HHK |

## ORDER

In consideration of Plaintiff's Motion for Remand, and pursuant to 28 U.S.C. §1447 it is hereby:

ORDERED, that this action shall be remanded to the Superior Court for the District of Columbia, and that Defendants mTLD and Sedo shall, pursuant to 28 U.S.C. § 1447(c), pay Plaintiff's just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

SO ORDERED:

_____
Judge Henry H. Kennedy, Jr.
U.S. District Court for the District of Columbia



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

**SEDO.COM, LLC Summary Screen**

Help with this form

Request a Certificate

**The exact name of the Domestic Limited Liability Company (LLC):** SEDO.COM, LLC

**Entity Type:** Domestic Limited Liability Company (LLC)

**Identification Number:** 550860358

**Old Federal Employer Identification Number (Old FEIN):** 000863291

**Date of Organization in Massachusetts:** 03/16/2004

**The location of its principal office:**
No. and Street: 161 FIRST STREET
4TH FLOOR
City or Town: CAMBRIDGE    State: MA    Zip: 02142    Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:    State:    Zip:    Country:

**The name and address of the Resident Agent:**
Name: ULRICH ESSMANN
No. and Street: 161 FIRST STREET
4TH FLOOR
City or Town: CAMBRIDGE    State: MA    Zip: 02142    Country: USA

**The name and business address of each manager:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| MANAGER | JEREMIAH JOHNSTON ESQ. | 161 FIRST STREET<br>CAMBRIDGE, MA 02142 USA |
| MANAGER | TIM SCHUMACHER | 161 FIRST STREET<br>CAMBRIDGE, MA 02142 USA |
| MANAGER | ULRICH ESSMANN | 161 FIRST STREET<br>CAMBRIDGE, MA 02142 USA |

**The name and business address of the person in addition to the manager, who is authorized to execute documents to be filed with the Corporations Division.**

Plaintiff Exhibit #24

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| SOC SIGNATORY | TIM SCHUMACHER | 161 FIRST STREET<br>CAMBRIDGE, MA 02142 USA |
| SOC SIGNATORY | ULRICH PRIESNER | 161 FIRST STREET<br>CAMBRIDGE, MA 02142 USA |
| SOC SIGNATORY | MATTHEW BENTLEY | 161 FIRST STREET<br>CAMBRIDGE, MA 02142 USA |
| SOC SIGNATORY | JEREMIAH JOHNSTON ESQ. | 161 FIRST STREET<br>CAMBRIDGE, MA 02142 USA |
| SOC SIGNATORY | ULRICH ESSMANN | 161 FIRST STREET<br>CAMBRIDGE, MA 02142 USA |

**The name and business address of the person(s) authorized to execute, acknowledge, deliver and record any recordable instrument purporting to affect an interest in real property**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
|  |  |  |

☐ Consent    ☐ Manufacturer    ☐ Confidential Data    ☐ Does Not Require Annual Report

☐ Partnership    ☐ Resident Agent    ☐ For Profit    ☐ Merger Allowed

**Select a type of filing from below to view this business entity filings:**

```
ALL FILINGS
Annual Report
Articles of Entity Conversion
Certificate of Amendment
Certificate of Cancellation
```

[ View Filings ]    [ New Search ]

**Comments**

© 2001 - 2008 Commonwealth of Massachusetts
All Rights Reserved

Help

Plaintiff Exhibit #24

Case 1:08-cv-00365-HHK    Document 11-4    Filed 03/13/2008    Page 1 of 1





**Home | Help | Sign In**

**Track & Confirm    FAQs**

## Track & Confirm

### Search Results

Label/Receipt Number: **7007 0710 0002 8735 4973**
Status: **Delivered**

Your item was delivered at 11:24 AM on January 25, 2008 in CAMBRIDGE, MA 02142.

**Track & Confirm**
Enter Label/Receipt Number.

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

**Copyright© 1999-2007 USPS. All Rights Reserved.**    No FEAR Act EEO Data    FOIA

Plaintiff Exhibit #25

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Bridget Tillery_  ☒ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Ulrich Essman<br>161 First St. 4th Floor<br>Cambridge, MA 02142 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>**RESTRICTED DELIVERY**<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☒ Yes |
| 2. Article Number (Transfer from service label) | 7007 0710 0002 8735 4973 |
| PS Form 3811, February 2004 | Domestic Return Receipt   102595-02-M-1540 |

Plaintiff Exhibit #26

**Eric Menhart**

| | |
|---|---|
| **From:** | notifications@cfxpress.com |
| **Sent:** | Thursday, February 28, 2008 6:10 PM |
| **To:** | Eric J. Menhart |
| **Subject:** | eService on Roussos, et al. v. Sedo.com, L, Notice:, 2008 CA 000428 B |

DO NOT REPLY TO THIS E-MAIL.

Eric J. Menhart,

Electronic Service of Copies information follows for Cause/Case 2008 CA 000428 B:

EFSP Submission Date/Time: 2008-02-28T23:09:49.033+00:00

eFiling for Courts Received Date/Time:

eFiling for Courts Delivered to Court:    Civil Actions

Name of Serving Party:     Kathryn Arnold

Cause/Case Number:         2008 CA 000428 B

Court Assignment:          D.C. Superior Court

Style/Case Name:           Roussos, et al. v. Sedo.com, LLC et al.

Filing Trace Number:       ED301J020079258

Document Type:             Notice:

Title of Document:         2007-02-28 Notice of Filing of Notice of Removal.pdf

Attachment(s):             Exhibits 1 and A-C.pdf

Judge(s):       Jeanette Clark

Access the following URL in order to view these documents:

https://www.casefilexpress.com/cfxDc/ReviewStatus.aspx?tab=Inbox

Please note that the delivery of this eService may take up to an hour. If you have not received the document(s) in your eService Inbox within two hours of this notification, please contact CaseFileXpress at 877-433-4533 or info@cfxpress.com.

Plaintiff Exhibit #27