## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAUL CHMIEL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:08-CV-00365 (HHK) |
| | ) |
| | ) |
| SEDO.COM, LLC, *et al.* | ) |
| | ) |
| Defendants. | ) |
|  | ) |

## DEFENDANTS MTLD TOP LEVEL DOMAIN, LTD AND SEDO.COM, LLC'S
## <u>OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>

# TABLE OF CONTENTS

Page

BACKGROUND ............................................................................................................2

ARGUMENT ................................................................................................................4

I.    DEFENDANTS' NOTICE OF REMOVAL WAS TIMELY ............................................4

II.   CONSENT FOR REMOVAL HAS BEEN OBTAINED FROM ALL
      DEFENDANTS WHOSE CONSENT IS REQUIRED........................................................8

III.  THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY
      MINIMUM ................................................................................................................9

IV.   COSTS AND FEES ARE INAPPROPRIATE IN THESE CIRCUMSTANCES.............11

CONCLUSION............................................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE(S)**

*Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.*, 10 F.3d 425 (7th Cir. 1993)........6, 7

*Barrett v. Lombardi*, 239 F.3d 23 (1st Cir. 2001)....................................................10

*Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999)................................4

*Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996)....................................................6

*Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901 (8th Cir. 1985) ......................................................7

*Collings v. E-Z Serve Convenience Stores, Inc.*, 936 F. Supp. 892 (N.D. Fla. 1996)....................4

*Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998)....................................................2

*Eze v. Yellow Cab Co. of Alexandria, VA, Inc.*, 782 F.2d 1064 (D.C. Cir. 1986) ....................6, 7

*Feer v. Chapman*, No. 99-501-JD, 2000 WL 33667086 (D.N.H. Mar. 20, 2000) ........................10

*General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114 (4th Cir. 2004) ................................6

*Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48 (2d Cir. 2000)..........................2

*Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002) .................2

*Hunt v. Washington State Apple Advertising  Commission*, 432 U.S. 333 (1977) ......................9

*Impact Gel Corp. v. Rodeen*, No. 05-C-223-C, 2005 WL 3555422 (W.D. Wis. Dec. 27, 2005) ........................................................................................................12

*JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88 (2002)...............2

*Klein v. Manor Healthcare Corp.*, Nos. 92-4328, 92-4347, 1994 U.S. App. LEXIS 6086 (6th Cir. Mar. 22, 1994)..........................................................................................9

*Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50 (D.D.C. 2003)..................................9

*Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580 (7th Cir. 2003) ....................................2

*Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir. 1985)..........................................................9

*Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007)..........................................................12

- ii -

*Lussier v. Dollar Tree Stores, Inc.*, No. 06-35148, 2008 WL 614407 (9th Cir. March 7, 2008) ................................................................................................................12

*Marano Enters. v. Z-Teca Restaurants, L.P.*, 254 F.3d 753 (8th Cir. 2001) ...................................4

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)........................................................11, 12

*Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) ...................................12

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)...........................8 ,9

*Naegele v. Albers*, 355 F. Supp. 2d 129 (D.D.C. 2005)..................................................................11

*Occidental Chemical Corp. v. Bullard*, 995 F.2d 1046 (11th Cir. 1993) .....................................10

*Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337 (D.N.J. 2001)..........................................4

*Phillips v. Corrections Corp. of America*, 407 F. Supp. 2d 18 (D.D.C. 2005).............................5

*Princeton Running Co. v. Williams*, No. 05-1461, 2006 WL 2557832 (D.D.C. Sept. 5, 2006) ..............................................................................................................................5

*Provident Energy Assocs. of Montana v. Bullington*, 77 Fed. Appx. 427 (9th Cir. 2003) .............2

*Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584 (W.D. Tex. 1992) .........................................6, 7

*Rolling Green MHP, L.P. v. Comcast SCH Holdings., LLC*, 374 F.3d 1020 (11th Cir. 2004) ..........................................................................................................................2

*Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co.*, 224 F.3d 139 (2d Cir. 2000) ...........................................................................................................................2

*Waller v. Professional Ins. Corp.*, 296 F.2d 545 (5th Cir. 1961) .................................................10

*Williams v. Howard University*, 984 F. Supp. 27 (D.D.C. 1997) ...................................................8

### STATUTES

H.R. Rep. No. 100-889 (1988).............................................................................................................6

28 U.S.C. § 1332..................................................................................................................................7

28 U.S.C. § 1332(a)(2)........................................................................................................................7

28 U.S.C. § 1446(a) ........................................................................................................4

28 U.S.C. § 1446(b) ................................................................................................1, 5, 6, 7

## OTHER CITES

D.C. Rule of Civil Procedure 4(l)(2) .............................................................................4

D.C. Rule of Civil Procedure 4(m) ................................................................................9

14B Charles Alan Wright et al., Federal Practice and Procedure § 3702 (3d ed. 2008) ..............10

16 James Wm. Moore et al., Moore's Federal Practice § 107.30 (2007) ........................................5

Defendants mTLD Top Level Domain, Ltd. ("mTLD") and Sedo.com, LLC ("Sedo") (collectively "Defendants") through their attorneys hereby file this Opposition to Plaintiff Paul Chmiel's Motion to Remand. Plaintiff offers three purported rationales for remand, each of which is meritless. *First*, Plaintiff claims that removal was untimely because it occurred more than thirty days after mTLD's co-defendant Sedo.com, LLC ("Sedo") allegedly was served. But even if that were correct (and it is not), Plaintiff wholly ignores the fact that, as mTLD noted in its removal papers, this case became removable only after two of the four original plaintiffs settled their disputes with the Defendants, and mTLD removed the case well within thirty days after that point, as it was entitled to do under 28 U.S.C. § 1446(b). *Second*, Plaintiff asserts that not all Defendants are unanimous in seeking removal. But that is obviously wrong as to mTLD and Sedo, since they jointly removed the case. And Plaintiff offers no authority or rationale to suggest that Defendant Colombani, a newly added individual Defendant residing in France who has not yet appeared or even been served, is required to take a position on removal. *Third*, Plaintiff claims that the amount in controversy is less than $75,000 on the theory that it would cost less than that to effect the transfer of the rights that Plaintiff seeks through his claim for specific performance – authorization to use certain domain names. But that is equivalent to stating that the amount in controversy in a case in which a plaintiff seeks the transfer of shares of stock to himself is the cost of postage to send the stock certificates to the plaintiff, rather than the value of the shares themselves. Obviously that is incorrect: the relevant amount is the value of the property or rights Plaintiff seeks, and the bids in the auction for the domain name rights at issue here establish that value as well above $75,000. Thus, Plaintiff has offered no basis to remand this case back to the Superior Court, and his motion, including his request for attorneys fees, should be denied.

## BACKGROUND

Plaintiff Chmiel filed a Complaint in the Superior Court for the District of Columbia on or about January 18, 2008, styled as *Costantine G. Roussos v. Sedo.com et al.*, Case No. 000428 B (the "Action"). The named Plaintiffs were Costantine G. Roussos, a citizen of California, Charles Aston James, a foreign citizen (of Australia), Erwin Mahroug, a foreign citizen (of the Netherlands), and Paul Chmiel, a citizen of Texas.

Sedo.com, LLC is a Massachusetts limited liability company, with its principal place of business located in Cambridge, Massachusetts. Its only member, Sedo, GmbH, of which it is wholly-owned subsidiary, is a citizen of Germany.[1] Because the citizenship of a LLC is determined according to the citizenship of its members, Sedo is a citizen of Germany.[2] mTLD Top Level Domain, Ltd. is an Irish company limited by shares with its principal place of business in Dublin, Ireland, and incorporated under the laws of Ireland. Thus, mTLD is a citizen of Ireland because it is an Ltd, which "is equivalent in all legally material respects to a corporation under state law." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *see also Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co.*, 224 F.3d 139 (2d Cir. 2000), *abrogated on other grounds by JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.,* 536 U.S. 88 (2002).

---

[1] Sedo, GmbH is organized under the laws of Germany and its principal place of business is in Cologne, Germany.

[2] *See, e.g., Rolling Green MHP, L.P. v. Comcast SCH Holdings., LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Provident Energy Assocs. of Montana v. Bullington*, 77 Fed. Appx. 427, 428 (9th Cir. 2003); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Each of the initially named Plaintiffs except for Plaintiff Chmiel subsequently entered into settlement agreements with the Defendants. Plaintiffs James, Mahroug, and Roussos reached settlement agreements with Defendants on or around, respectively, February 8, 2008, February 15, 2008, and February 25, 2008. Counsel for the settling Plaintiffs filed a Notice of Settlement and Release of Claims, attached hereto as Exhibit A, pertaining to all three of the settling Plaintiffs in the Superior Court for the District of Columbia (the "Superior Court"), which was served upon Defendants on February 27, 2008.[3]

Also during this time, on February 12, 2008, the Parties reached an agreement under which both Defendants mTLD and Sedo would be deemed to have accepted service on February 8, 2008.[4] On February 27, 2008, the Defendants filed a Consent Motion Notifying the Court of Acceptance of Service and Intent to Respond to Complaint ("Consent Motion as to Service"), attached hereto as Exhibit B.

Defendants filed their joint Notice of Removal in this Court on February 29, 2008 [Docket No. 1].[5]

---

[3] Plaintiffs' counsel initially attempted to file the Notice of Settlement and Release of Claims on February 27, 2008. Due to issues with the Superior Court's electronic filing system, CaseFileXpress, the Notice was not reflected on the Superior Court's docket until March 2, 2008. The following day, February 28, 2008, Defendants filed their Notice of Filing of Notice of Removal with the Superior Court for the District of Columbia.

[4] The email reflects the agreement reached between counsel for Plaintiff (Eric Menhart), counsel for mTLD (Becky Burr), and counsel for Sedo (Jeremiah Johnston).

[5] Defendants initially filed the Notice of Removal in this Court on February 28, 2008, but at the request of the Clerk's office, refiled their Notice of Removal on February 29, 2008.

## ARGUMENT

## I.    DEFENDANTS' NOTICE OF REMOVAL WAS TIMELY

Plaintiff asserts in this Motion to Remand that, because he allegedly sent "service papers, including a summons and copy of the Complaint to Defendants Sedo and mTLD" on January 25, 2008, removal on February 29, 2008 was untimely under 28 U.S.C. § 1446(a). [Docket No. 11 at 1, 3-4] (hereinafter "Pl's. Br."). This argument fails.

As an initial matter, contrary to Plaintiff's representation, he never served mTLD: mTLD was not provided with a summons or officially served with the Complaint. Indeed, even Plaintiff appears to concede that mTLD's removal was timely. (Pl's. Br. at 4.) As for Sedo, although Plaintiff attempted to serve Sedo on January 25,[6/] the parties later agreed, as reflected in the Consent Motion as to Service filed prior to removal of this case, that service on both Defendants would be deemed to have occurred on February 8, 2008, less than thirty days before Defendants removed this case. (*See* Consent Motion as to Service, Ex. B ¶ 1.)[7/] Thus, removal of this Action was timely even when measured against the date of service of the Complaint.

---

[6/]    Plaintiff failed to comply with the applicable rules concerning proof of service as to Sedo. Under D.C. Rule of Civil Procedure 4(l)(2), Plaintiff was required to submit the return receipt accompanied by "an affidavit" setting forth specific information. Plaintiff, however, submitted only the return receipt without the required affidavit.

[7/]    In any event, even if Sedo were deemed to have been served on January 25 as Plaintiff contends, under the rule adopted by a number of courts, mTLD's removal of this action would still be timely. As these courts, including two U.S. Courts of Appeals, have held in cases involving multiple defendants, a later-served defendant may file a notice of removal within thirty days from when that defendant was served, regardless of whether prior-served defendants chose to exercise that same right. *See, e.g.*, *Marano Enters. v. Z-Teca Restaurants, L.P.,* 254 F.3d 753, 757 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532-33 (6th Cir. 1999); *see also Orlick v. J.D. Carton & Son, Inc*., 144 F. Supp. 2d 337, 343 (D.N.J. 2001); *Collings v. E-Z Serve Convenience Stores, Inc*., 936 F. Supp. 892, 893-94 (N.D. Fla. 1996).

The Court, however, need not reach the issue of who was served and when, because removal was clearly timely for a wholly independent reason that Plaintiff's motion does not even bother to address:  complete diversity was achieved – and therefore the case first became removable – only after Defendants had settled with the non-diverse Plaintiffs.  (Notice of Removal ¶ 13.)  Under the governing statute, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. § 1446(b).

This provision has been applied in numerous situations in which non-diverse persons or entities whose presence destroys complete diversity enter into settlement agreements or otherwise cease to be parties to the litigation, thus creating complete diversity among the remaining parties, even when that occurs after the expiration after the original thirty-day removal

_____

While the D.C. Circuit has not yet addressed this issue, these other courts have recognized that permitting the later-served defendant to remove is supported by considerations of fairness, since otherwise a defendant served more than thirty days after its co-defendant was served would lose its right to remove a case through no fault of its own.  *See also* 16 *James Wm. Moore et al.*, Moore's Federal Practice § 107.30[3][a][i][A] (2007) (explaining that in light of *Murphy Brothers v. Michetti Pipe Stringing, Inc.,* "[I]t is likely that the [Supreme] Court may decide that the later served defendants may not have their removal right compromised before they are served, and that they ought to have the opportunity to persuade the earlier served defendants to join the notice of removal.  Thus, the fairness approach may well, and should, supersede the unanimity rule.").  While the D.C. District Court has previously found that the thirty day period for removal for all defendants had commenced when the first defendant was served, those cases are distinguishable:  there, the litigation had been ongoing in Superior Court for a year or more before a new defendant was named and thus removal at that point would have prejudiced the plaintiffs.  *See Princeton Running Co. v. Williams*, No. 05-1461, 2006 WL 2557832, at *2 (D.D.C. Sept. 5, 2006); *Phillips v. Corrections Corp. of America*, 407 F. Supp. 2d 18 (D.D.C. 2005).  Here, by contrast, the parties never appeared before the Superior Court, that Court has issued no rulings in this Action, and thus Plaintiff will suffer no prejudice if the Action proceeds in federal court.

period.  *See, e.g.*, *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68-69, 117 S.Ct. 467, 472-73 (1996); *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584 (W.D. Tex. 1992) (removal following plaintiffs' settlement with non-diverse defendants was proper).  Indeed, this situation was explicitly anticipated by the House Judiciary Committee, as noted in the legislative history surrounding the adoption of this provision.  *See* H.R. REP. NO. 100-889, at 72 (1988), as *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33 ("Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove.").

        As noted in Defendants' Notice of Removal, Defendants' removal on February 29, 2008 was timely under Section 1446(b) because it occurred within thirty days of the date on which the action first became removable, February 15, 2008, by nature of a settlement agreement executed between Defendants and the only remaining non-diverse party, Erwin Mahroug.  (Notice of Removal ¶ 13.)  Complete diversity did not exist under the original Complaint because at that time the Action contained foreign and domestic Plaintiffs, but only foreign Defendants.[8]  *See Eze v. Yellow Cab Co. of Alexandria, VA, Inc.*, 782 F.2d 1064, 1065 (D.C. Cir. 1986) (per curiam); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 428 (7th Cir. 1993) (explaining *Eze*: "The point was not so much that there were foreigners on both sides—for this is permitted by [§ 1332](a)(3)—as that there was no citizen on one side, which took it out of (a)(3); and [§ 1332](a)(2), when read in light of (a)(3), does not permit a suit between foreigners and a mixture of citizens and foreigners.").

---

[8]    Former Plaintiffs James and Mahroug are citizens of Australia and the Netherlands, respectively, while former Plaintiff James and Plaintiff Chmiel are U.S. citizens.  Defendants mTLD and Sedo are both foreign parties, citizens Ireland and Germany.

When Plaintiffs James and Mahroug settled their disputes with Defendants, however, complete diversity was achieved under section (a)(2) of the diversity statute, because the matter became one between "citizens of a State [Plaintiffs Chmiel and Roussos] and citizens or subjects of a foreign state [Defendants mTLD and Sedo]."  28 U.S.C. § 1332(a)(2); *Eze*, 782 F.2d at 1065; *Allendale*, 10 F.3d at 427 (no diversity when "one side of the litigation had only foreign parties and the other had a mixture of foreign and domestic parties, so that the case did not fit any of the possibly applicable jurisdictional pigeonholes" under 28 U.S.C. § 1332).

That the case had become removable could first be ascertained, at the earliest, from the settlement agreement with the last remaining foreign plaintiff, Erwin Mahroug, executed on February 15, 2008.[9/]  *See Ratcliff*, 819 F. Supp. at 587 (W.D. Tex. 1992) ("A settlement between a plaintiff and the non-diverse defendant is final enough to support removal, even if the non-diverse defendant has not been severed from the case."); *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 & n.2 (8th Cir. 1985) (settlement between plaintiff and non-diverse party was sufficiently final to support removal).

Because "the case stated by the initial pleading [was] not removable," the thirty-day clock for removal began ticking only after it could "first be ascertained that the case [was] one which is or has become removable."  28 U.S.C. § 1446(b).  Here, that occurred at the earliest upon execution of the settlement with the non-diverse plaintiff on February 15, 2008, and therefore removal less than thirty days later on February 29 was timely.

---

[9/]    Arguably, the thirty-day removal period was triggered only on February 27, 2008, when Defendants were served with the Notice of Settlement and Release of Claims, attached hereto as Exhibit A, pertaining to all three of the settling Plaintiffs, and received Plaintiffs' First Amended Complaint, which no longer named the three settling Plaintiffs.

## II.   CONSENT FOR REMOVAL HAS BEEN OBTAINED FROM ALL DEFENDANTS WHOSE CONSENT IS REQUIRED

Contrary to Plaintiff's assertions, both Sedo and mTLD have clearly expressed their unanimity in removing this Action to federal court. It is nonsensical to argue that Sedo did not consent to removal where, as here, it signed the removal papers.[10] Moreover, in arguing that Sedo *could not* consent to removal because it allegedly failed to do so within the allotted time, Plaintiff conflates two separate issues. The timeliness of Sedo's removal, discussed above, is a separate question from whether Sedo has expressed its intent and willingness to have this dispute litigated in federal rather than state court.

As to Defendant Colombani – who resides in France and whom Plaintiff added as a Defendant the day before mTLD and Sedo removed the case and who even now has yet to be served – Plaintiff cites no legal authority supporting his position that a defendant who has not been served must nevertheless consent to removal. To the contrary, "one becomes a party officially, and is required to take action in that capacity [including seeking to remove a case], *only* upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) (emphasis added). Here, Defendants mTLD and Sedo were not required to wait to remove the Action until Defendant Colombani might be served.[11]

---

[10]    Plaintiff cites one case with regard to the unanimity requirement, *Williams v. Howard University*, in which one defendant failed to give the Court any indication whether it consented to removal. *See Williams v. Howard University*, 984 F. Supp. 27 (D.D.C. 1997). This bears no resemblance at all to the facts before this Court.

[11]    Indeed, since Plaintiff is permitted up to 60 days to serve Defendant Colombani, waiting for such service might well have caused removal to be untimely. *See* D.C. Rule of Civil Procedure 4(m).

*See id.; see also Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50 (D.D.C. 2003)

("There are three exceptions to this 'rule of unanimity:' (1) where one or more of the defendants

has not yet been served with the initial pleading at the time the removal petition was filed . . . .");

*See also Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *Klein v. Manor Healthcare Corp*.,

Nos. 92-4328, 92-4347, 1994 U.S. App. LEXIS 6086, at *12 (6th Cir. Mar. 22, 1994).

Ultimately, even Plaintiff concedes that "District Courts have recognized that not-yet-served

Defendants are subject to special circumstances."  Pl's. Br. at 4.

## III.    THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY MINIMUM

Plaintiff's claim that the amount in controversy is less than $75,000 makes no sense.

According to Plaintiff, the amount in controversy here is "absolutely nothing," on the theory that

Defendants would incur no cost in transferring the rights to the domain names in question

because Defendants need only "communicate to the transferring party, Sedo, mTLD's

willingness to transfer the domain names to Plaintiff Chmiel."  (Pl's. Br. at 5.)  But that is

equivalent to stating that where a plaintiff claims ownership to $1 million worth of stock, the

amount in controversy is the $20 it would take to send the stock certificates to the plaintiff by

Federal Express.  That, of course, is nonsense.

The proper measure of the amount in controversy for a contract dispute seeking relief in

the form of specific performance is the *value of the object claimed* by the plaintiff, not the

expense incurred in transferring that property.  *See Hunt v. Washington State Apple Advertising*

*Commission*, 432 U.S. 333, 347(1977); *Barrett v. Lombardi*, 239 F.3d 23, 30 (1st Cir. 2001)

(where plaintiff seeks specific performance, amount in controversy is determined by value of

property claimed by plaintiff rather than price under alleged contract); *Occidental Chemical*

*Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993) ("[w]hen the value of property sought to

be obtained by specific performance exceeds the sum which might have been awarded in damages, the amount in controversy is established by the value of the property."); *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).[12]

Here, what Plaintiff seeks by way of specific performance is the transfer of five domain name authorization codes (Am. Compl. at 15), and it is the collective value of these codes (as well as other relief Plaintiff is seeking) that determines the amount in controversy. As shown in the Declaration of Ulrich Priesner [Docket Entry 13 (hereinafter "Priesner Decl.")], filed with Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction, the high bids at auction for the five authorization codes at issue totaled nearly $250,000. *See* Priesner Decl. ¶ 41. *See also* Declaration of Caroline Greer, filed with Defendants' Notice of Removal ¶ 5 (value of five disputed domains exceeds $75,000). Plaintiff himself acknowledges in his Complaint that bidding in an auction helps determine the "fair market value" of an item up for auction. [Am. Compl. ¶ 28.] Accordingly, because this amount far exceeds the $75,000 necessary for federal diversity jurisdiction, the amount in controversy has been met.[13]

---

[12] *See Feer v. Chapman*, No. 99-501-JD, 2000 WL 33667086, at *3 (D.N.H. Mar. 20, 2000) ("when a plaintiff seeks to obtain property by specific performance, the amount in controversy is established by the value of the property) (citing *Occidental Chemical Corporation v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993)). *See generally*, 14B Charles Alan Wright *et al*., Federal Practice and Procedure § 3702 (3d ed. 2008) ("It is well-settled by numerous judicial decisions by the Supreme Court, the courts of appeal, and countless district courts that the amount in controversy for jurisdiction purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce or protect or the value of the object that is the subject matter of the suit.").

[13] Plaintiff asserts that because his bids for the five authorization codes totaled $70,000, that is the proper measure of their monetary value. (Pl.'s Br. at 5 n.1.) But while the fact that Plaintiff bid less than others is relevant to showing that he was not the high bidder and therefore is not entitled to the codes in the first place, it does not establish the amount in controversy where others bid higher. In any event, Plaintiff also seeks compensatory damages in excess of

## IV.    COSTS AND FEES ARE INAPPROPRIATE IN THESE CIRCUMSTANCES

Since Defendant's removal of the case to this Court was proper, Plaintiff's request for costs and attorney fees is baseless.  But even if Plaintiff were to prevail on his motion, he would not be entitled to costs and fees since they at a minimum had a "reasonable basis" for seeking removal.  In arguing to the contrary, Plaintiff misstates the governing law.

In *Martin v. Franklin Capital Corp.*, the U.S. Supreme Court held that, "absent unusual circumstances," attorney fees should only be ordered pursuant to the federal statute on remand where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court explained that "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Id*.  Plaintiff appears to interpret *Martin* as establishing a right to fees whenever the statutory criteria for removal were not satisfied (Pl.'s Br. at 6-7) – a rule that would mean that fees should be awarded whenever remand is granted.  But the Supreme Court explicitly rejected even a presumption in favor of an award of fees in the case of remand, let alone an automatic award.  *See id.* at 136.  Likewise, Plaintiff's reliance on *Moore v. Permanente Medical Group*, *Inc.*, 981 F.2d 443 (9th Cir. 1992), for the proposition that

---

$5,000 (Am. Compl. at 15), which together with his $70,000 in bids, reaches the $75,000 threshold.

Plaintiff also seeks punitive damages.  (Am. Compl. at 15.)  It is well settled that the amount in controversy includes claims for punitive damages where those claims have a colorable legal basis. *See, e.g., Naegele v. Albers*, 355 F. Supp. 2d 129, 134 (D.D.C. 2005).  Because in Defendants' view Plaintiff's claim for punitive damages lacks even a colorable basis, they do not rely on that claim to establish the amount in controversy.  Defendants note, however, the inconsistency in Plaintiff's position.  Although he claims entitlement to an award of punitive damages in his Complaint, he omits this claim entirely in reference to the amount in controversy.  The only way this claim is not "in controversy" is if Plaintiff's claim is insubstantial or if he has abandoned it.

fees should be awarded even where removal was attempted in good faith (Pl's. Br. at 7) is unavailing, since the Supreme Court explicitly cited and rejected the Ninth Circuit's position. *See Martin,* 546 U.S. at 136.

Since *Martin,* courts ordering remand have refused to grant attorney fees, even where, for instance, "defendant's ground for removal was far from obvious, [but] it was not objectively unreasonable." *Impact Gel Corp. v. Rodeen*, No. 05-C-223-C, 2005 WL 3555422 (W.D. Wis. Dec. 27, 2005). *See also Lussier v. Dollar Tree Stores, Inc.*, No. 06-35148, 2008 WL 614407 (9th Cir. March 7, 2008); *Lott v. Pfizer, Inc.*, 492 F.3d 789, 794 (7th Cir. 2007) (overturning award of attorney fees and noting that "the test is whether the relevant case law clearly foreclosed the defendant's basis of removal").

Here Defendants mTLD and Sedo have demonstrated not only that they had a "reasonable basis" for removal, but that removal was proper. Indeed, it is Plaintiff's argument in seeking remand – such as the claim that the amount in controversy is "absolutely nothing" – that lack reasonable basis. In any case, even if this Court were to determine that federal diversity jurisdiction is not available, Plaintiff has not offered any reason to suggest that Defendants acted without a reasonable basis.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand should be denied.

Dated: March 27, 2008                          Respectfully submitted,


/s/ Samir Jain
Samir Jain (D.C. Bar No. 456090)
Kathryn C. Arnold (D.C. Bar No. 483173)
WILMER CUTLER PICKERING HALE &
   DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
202-663-6000 (telephone)
202-663-6363 (facsimile)
Samir.Jain@wilmerhale.com

*Counsel for Defendant mTLD, LTD*

/s/ Dennis M. Hart
Dennis M. Hart (D.C. Bar No. 935643)
BUTERA & ANDREWS
1301 Pennsylvania Avenue NW, Suite 500
Washington, D.C. 20004
202-347-6875 (telephone)
202-347-6876 (facsimile)
dhart@butera-andrews.com

*Counsel for Defendant Sedo.com, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of March, 2008, a copy of the foregoing Opposition to Plaintiff's Motion to Remand was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

/s/ Samir Jain
Samir Jain (D.C. Bar No. 483173)
WILMER CUTLER PICKERING HALE &
   DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-663-6000 (telephone)
202-663-6363 (facsimile)
Samir.Jain@wilmerhale.com

*Counsel for Defendant mTLD, Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| PAUL CHMIEL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:08-cv-00365 (HHK) |
| ) | |
| v. ) | |
| ) | |
| SEDO.COM, LLC *et al.*, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

## [PROPOSED] ORDER

Upon consideration of Plaintiff Paul Chmiel's Motion to Remand and the memoranda in support of and opposing the Motion, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

This ____ day of April, 2008          _____

                                      The Honorable Henry H. Kennedy
                                      United States District Judge

Dated: March 27, 2008                    Respectfully submitted,


/s/ Samir Jain
Samir Jain (D.C. Bar No. 456090)
Kathryn C. Arnold (D.C. Bar No. 483173)
WILMER CUTLER PICKERING HALE &
   DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
202-663-6000 (telephone)
202-663-6363 (facsimile)
Samir.Jain@wilmerhale.com


*Counsel for Defendant mTLD, LTD*


/s/ Dennis Hart
Dennis M. Hart (D.C. Bar No. 935643)
BUTERA & ANDREWS
1301 Pennsylvania Avenue NW, Suite 500
Washington, D.C. 20004
202-347-6875 (telephone)
202-347-6876 (facsimile)
dhart@butera-andrews.com


*Counsel for Defendant Sedo.com, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of March, 2008, a copy of the foregoing Proposed Order as to Plaintiff's Motion to Remand was filed electronically with the Clerk of the Court.  The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.


/s/ Samir Jain_____
Samir Jain

# Exhibit A

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

|  |  |
|---|---|
| **ROUSSOS, ET AL.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Case No. 2008 CA 000428** |
| | ) |
| **SEDO.COM, LLC, ET AL.** | ) |
| | ) |
| **Defendants** | ) |

## NOTICE OF SETTLEMENT AND RELEASE OF CLAIMS BY PLAINTIFFS ROUSSOS, MAHROUG AND JAMES

Plaintiffs Roussos, Mahroug and James, having each reached a confidential

Settlement Agreement, dated 02-08-2008, with Defendants mTLD, Ltd. and Sedo.com,

LLC, hereby dismiss their claims against Defendants in accordance with the Agreement

between each of the Plaintiffs and the Defendants.

The Agreements are incorporated by reference to maintain confidentiality. The

parties intend that this Court retain jurisdiction over the enforcement of the referenced

Agreement. Plaintiff Chmiel continues to maintain his claims against Defendants as set

out in Plaintiffs' Complaint.

Respectfully submitted,

/s/ Eric J. Menhart
Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
Eric.Menhart@cyberlaw.pro
Phone: 202-434-8711
Fax: 240-539-6235
http://www.cyberlaw.pro

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2008, a copy of the foregoing
**Notice of Settlement and Release of Claims by Plaintiffs Roussos, Mahroug and
James** was served by electronic delivery on:

*Judge*
The Honorable Jeanette J. Clark
Superior Court for the District of Columbia
Room 2620
500 Indiana Avenue, N.W.
Washington, D.C. 20001

*Counsel for Defendant mTLD, Ltd.*
Kathryn C. Arnold
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-663-6000 (telephone)
202-663-6363 (facsimile)

*Counsel for Defendant Sedo.com, LLC:*
Dennis M. Hart (D.C. Bar No. 935643)
Butera & Andrews
1301 Pennsylvania Avenue NW, Suite 500
Washington, D.C. 20004
202-347-6875 (telephone)
202-347-6876 (facsimile)
dhart@butera-andrews.com

/s/ Eric J. Menhart
Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
Eric.Menhart@cyberlaw.pro
Phone: 202-434-8711
Fax: 240-539-6235
http://www.cyberlaw.pro

# Exhibit B

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| COSTANTINE G. ROUSSOS, et. al.<br><br>        Plaintiffs,<br><br>v.<br><br>SEDO.COM, LLC and<br><br>mTLD, LTD.<br><br>        Defendants. | Case No. 2008 CA 000428 B<br>Calendar # __<br>Judge Jeanette J. Clark<br>Next Event: Initial Conference<br>9:30 am, Friday, April 18, 2008<br><br>eFiled Case |

## CONSENT MOTION NOTIFYING COURT OF ACCEPTANCE OF OF SERVICE AND INTENT TO RESPOND TO COMPLAINT

Defendants mTLD, Ltd. ("mTLD") and Sedo.com, LLC ("Sedo") (jointly, the "Defendants") respectfully submit this Motion, with the consent of the Plaintiffs, moving the Court to issue an order recognizing that both Defendants accepted service of the Complaint on February 8, 2008 and each will answer or otherwise respond to the Complaint by February 28, 2008, as specified in the District of Columbia Superior Court Rules of Civil Procedure 12(a). In support thereof, mTLD states the following:

1.     Plaintiffs filed a Complaint on January 18, 2008 against the Defendants. The Court issued an Initial Order and Addendum regarding the Complaint on January 18, 2008. The parties now agree that both Defendants should be deemed to have accepted service of the Complaint and Initial Order and Addendum on February 8, 2008.

2.     Pursuant to District of Columbia Superior Court Rules of Civil Procedure 12(a), Plaintiffs and mTLD further agree that mTLD will answer or otherwise respond to the Complaint within twenty (20) days of service of the Complaint, calculated to be February 28, 2008.

3.      Pursuant to District of Columbia Superior Court Rules of Civil Procedure 12-I(a),

the undersigned attorneys of the Defendants sought the consent of Plaintiffs to the relief sought

herein.  Plaintiffs, through their counsel, agreed to consent to this Motion and accompanying

[Proposed] Order by electronic mail on February 15, 2008.

WHEREFORE, Defendants respectfully request that this Court enter the [Proposed]

Order submitted with this motion, reflecting that both Defendants be deemed to have accepted

service of the Complaint on February 8, 2008 and will answer or otherwise respond to the

Complaint by February 28, 2008.


Dated: February 15, 2008                    Respectfully submitted,

                                            /s/ Samir Jain
                                            J. Beckwith Burr (DC Bar. No. 446170)
                                            Samir Jain (DC Bar No. 456090)
                                            Will T. DeVries (DC Bar No. 489584)
                                            WILMER CUTLER PICKERING HALE &
                                                DORR LLC
                                            1875 Pennsylvania Ave. NW
                                            Washington, DC 20006
                                            Becky.Burr@wilmerhale.com
                                            Samir.Jain@wilmerhale.com
                                            Will.DeVries@wilmerhale.com

                                            *Counsel for Defendant mTLD, Ltd.*


                                            /s/ Dennis M. Hart
                                            Dennis M. Hart (DC Bar No. 935643)
                                            BUTERA & ANDREWS
                                            1301 Pennsylvania Avenue NW, Suite 500
                                            Washington, D.C. 20004
                                            202.347.6875 (voice)
                                            202.347.6876 (fax)
                                            dhart@butera-andrews.com

                                            *Counsel for Defendant Sedo.com, LLC*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| COSTANTINE G. ROUSSOS, et. al.<br><br>      Plaintiffs,<br><br>v.<br><br>SEDO.COM, LLC and<br><br>mTLD, LTD.<br><br>      Defendants. | 2008 CA 000428 B<br>Calendar 12 (Civil II)<br>Judge Jeanette J. Clark<br>Next Event: Initial Conference<br>9:30 am, Friday, April 18, 2008<br><br>eFiled Case |

**[PROPOSED] ORDER RECOGNIZING ACCEPTANCE OF**
**SERVICE AND INTENT TO RESPOND TO COMPLAINT**

Upon consideration of the Consent Motion Notifying Court of Acceptance of Service and Intent to Respond to Complaint, and finding good cause has been shown, it is hereby, on this ___ day of February, 2008

ORDERED that the Consent Motion is GRANTED; and

1.      Defendants mTLD, LTD ("mTLD") and Sedo.com, LLC ("Sedo") shall be deemed to have accepted service of the Complaint and Initial Order and Addendum in District of Columbia Superior Court Case No. 2008 CA 000428 B on February 8, 2008.

2.      Pursuant to District of Columbia Superior Court Rules of Civil Procedure 12(a), mTLD and Sedo will each answer or otherwise respond to the Complaint within twenty (20) days of service of the Complaint, calculated to be February 28, 2008.

                                                     _____

                                             The Honorable Jeanette J. Clark

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2008, a copy of the foregoing Proposed

Order was served by electronic delivery on:

The Honorable Jeanette J. Clark
Superior Court for the District of Columbia
Room 2620
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Eric Menhart
CyberLaw P.C.
1200 G. Street, N.W., Suite 800
Washington, D.C. 20005
202-434-8711 (telephone)
240-539-6235 (facsimile)


/s/ Kathryn. C. Arnold
Kathryn C. Arnold (D.C. Bar No. 483173)
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Kathryn.Arnold@wilmerhale.com
202-663-6000 (telephone)
202-663-6363 (facsimile)

*Counsel for Defendant mTLD, Ltd.*