**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAUL CHMIEL, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-CV-00365 (HHK) |
| ) | |
| v. ) | |
| ) | |
| SEDO.COM, LLC *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JOINT LOCAL RULE 16.3(d) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3(d) and the Court's March 11, 2008 Order for an Initial Scheduling Conference ("March 11 Order"), Plaintiff Paul Chmiel ("Chmiel"), Defendant mTLD Top Level Domain, Ltd. ("mTLD"), and Defendant Sedo.com, LLC ("Sedo") (collectively, the "Parties"), by their attorneys, hereby jointly submit this Report setting forth the results of their conference pursuant to Local Rule 16.3(c), including their proposed discovery plan. The Parties will file a brief statement of the case and the statutory basis for all causes of action and defenses by the deadline imposed by the Court's March 11 Order.

### I.   SUMMARY OF CONFERENCE

The Parties held their initial scheduling conference via teleconference on March 26, 2008, at 9:00 a.m. Eastern Standard Time. Eric Menhart of CyberLaw, P.C. and Paul V. Farkas attended on behalf of Plaintiff Paul Chmiel. Becky Burr, Samir Jain, and Kathryn Arnold of Wilmer Cutler Pickering Hale and Dorr LLP attended on behalf of Defendant mTLD. Dennis Hart of Butera & Andrews attended on behalf of Defendant Sedo.

The Parties began the conference by briefly discussing the nature of the Plaintiff's claims and the possibility of settlement. Defendants raised the prospect of judicially sponsored mediation in the form of U.S. Magistrate Judge Mediation ("Magistrate Judge Mediation") and suggested that it may assist the Parties in potentially reaching a settlement. Plaintiff stated that he was not opposed to such mediation as long as it did not affect the prospect of expedited discovery and did not impose additional costs.

Defendants inquired as to the status of service on the third named Defendant in this lawsuit, Mr. Jean Romani Colombani, apparently a citizen of France. Plaintiff represented that he was in the process of serving Mr. Colombani pursuant to the Hague Convention.

The Parties' positions as to the issues discussed at the conference are set forth below.

## II.    MATTERS DISCUSSED BY COUNSEL PURSUANT TO LOCAL RULE 16

### A.    Dispositive Motions

**Plaintiff's Position:** Plaintiff does not agree as to the timing of when the parties should be permitted to file dispositive motions and believes dispositive motions should not be filed until the Motion for Preliminary Injunction has been ruled upon. *See* Section F, *infra*.

**Defendants' Position:** Defendants believe that the claims in this case may be resolved by dispositive motions and that the parties should be permitted to file a summary judgment motion at any time.

### B.    Joinder of Parties, Amendment of Pleadings, and Narrowing of Issues

The Parties do not believe that presently there are factual and legal issues that can be agreed on or narrowed. The Parties have not reached an agreement as to the date by which any other parties shall be joined or the pleadings amended.

**Plaintiff's Position:** Plaintiff does not agree to set a deadline for the joinder of additional Parties, especially in that one (1) of the subject five (5) names that Defendant seeks specific performance for, video.mobi, was transferred to a then-third-party by mTLD and Sedo.com, after this suit was commenced by Plaintiff.

**Defendants' Position:** Defendants propose that any additional Parties shall be joined and the pleadings amended within 30 days after conclusion of the proposed Mediation proceedings before a Magistrate Judge, as set forth in Attachment A. If any Party moves to add additional Parties within 10 days before the end of the proposed 30-day period for joining additional Parties, the other side shall have 10 days from that date to move to add additional parties and to bring cross-claims, counterclaims, and third-party claims.

C.  **Magistrate Judge**

The Parties agree that the case should not be assigned to a Magistrate Judge for all purposes. The Parties request, however, that a Magistrate Judge preside over Mediation proceedings between the Parties.

D.  **Settlement**

The Parties agree that the case could benefit from Mediation proceedings before a Magistrate Judge.

**Plaintiff's Position:** Plaintiff agrees to Mediation before a Magistrate Judge provided he does not incur any costs for Mediation. In addition, Plaintiff will not abandon his Motion for Expedited Discovery currently pending before this Court.

**Defendants' Position:** Defendants propose that this case may be amenable to settlement through Mediation before a Magistrate Judge. The Defendants are of the view that to foster

judicial economy and to conserve judicial resources necessary to resolve any resulting discovery disputes, discovery should be stayed until the conclusion of Mediation proceedings.

Defendants understand that information regarding the availability of Magistrate Judges is not available until after the Court has considered this Joint Rule 16(c) Report and has conducted the Initial Scheduling Conference.  Defendants respectfully request that Magistrate Judge Alan Kay mediate this dispute.  In the event Magistrate Judge Kay is unavailable, the Defendants propose that Magistrate Judge John M. Facciola mediate this action.

### E.    Alternative Dispute Resolution

The Parties agree that the case would not benefit from Alternative Dispute Resolution (ADR).

### F.    Resolution By Summary Disposition

**Plaintiff's Position:**  Plaintiff does not agree as to the timing of when the parties should be permitted to file dispositive motions.  Plaintiff is of the opinion that the Motion for Preliminary Injunction already encompasses virtually all issues that might be raised in a dispositive motion and any dispositive motion filed before resolution of the Motion for Preliminary Injunction is a waste of judicial resources.

**Defendants' Proposal:**  As set forth in Section A, *supra*, Defendants believe that the claims in this case may be resolved by dispositive motions and that the parties should be permitted to file summary judgment motions at any time.  The Defendants propose that any oppositions or cross-motions for summary judgment shall be filed within 30 days after the filing of a summary judgment motion, and that any reply shall be filed within 15 days after the filing of the opposition.

**G.     Discovery**

The Parties agree that the case should generally proceed according to the Standard Track schedule; however, the Defendants propose slight modifications to the expert discovery schedule, as set forth in Attachment A.  Plaintiff does not object to Defendants' proposed schedule, including as to experts, but stated at the discovery conference that Plaintiff needed time to examine the issue.  The Parties set forth the following further positions as to discovery:

1.     *Limitations on Discovery*

**Plaintiff's Position:**  Plaintiff does not expect that more than ten depositions of Defendants will be needed but is unwilling to limit discovery.

**Defendants' Position:**  Defendants believe that the default limitations on the number of depositions and written discovery requests set forth in Federal Rules of Civil Procedure 30(a) and 33(a) should apply.

2.     *Subjects of Discovery*

**Plaintiff's Position:**  Plaintiff's subjects of discovery included:  the allegations and claims set forth in the complaint; the statements, allegations, and admissions made in Defendants' answers/cross-claims; representations and communications between Defendants and with third parties by Defendants; the inappropriate and fraudulent transfer of property video.mobi to a third-party, who has now been named a defendant; and the inapplicable and inartful Terms of Service Agreements of defendants relative to the subject Sedo auction.

**Defendants' Position:**  Defendants believe that the subjects of discovery will include, but are not limited to, the following:  the allegations and claims set forth in the complaint; Plaintiff's participation in auctions for domain name authorization codes and domain name rights; how Plaintiff has used, sold, transferred, or taken any other action with respect to "dotMobi" domain name authorization codes; information concerning Plaintiff's claimed

damages, including information concerning his finances, and any business plans related in any way to the use of domain names or domain name codes, including plans to develop any websites at those domain names; Plaintiff's knowledge of the mTLD terms governing auctions for "dotMobi" domain names; and Plaintiff's non-privileged communications with any other party concerning the mTLD auctions, his plans and strategy for participating in those auctions, his understanding of the outcome of the auctions, his business dealings as they relate to domain names, and any other information or communications relevant to this case.

      3.    ***Protective Order***

**Plaintiff's Position:** Plaintiff is assessing whether a protective order may be necessary and therefore reserve the right to request that a protective order be entered in the case.

**Defendants' Position:** The Defendants are assessing whether a protective order may be necessary and therefore reserve the right to request that a protective order be entered in the case.

      4.    ***Notice of Depositions for Individuals and Parties Located Outside the United States:***

**Plaintiff's Position:** Notice shall be provided as required under the Federal Rules.

**Defendants' Position:** The Defendants propose that depositions of individuals and Parties not located in the United States be noticed at a minimum 20 business days in advance of the day of deposition to permit travel and other arrangements as needed for foreign travel.

    **H.**    **Initial Disclosures**

The Parties do not believe that they should dispense with initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

**Plaintiff's Position:** The Plaintiff believes that initial disclosures should be exchanged by Monday, April 21, 2008.

**Defendants' Position:** The Defendants agree to exchange initial disclosures by April 21, 2008, if discovery is not stayed pending Mediation proceedings as mTLD believes it should be. If the Court orders such a stay, the Defendants propose that initial disclosures be filed 10 days after the conclusion of mediation before a Magistrate Judge, as set forth in Attachment A.

## I. Preservation of Relevant Electronic Documents

Each Party agrees to preserve relevant electronically stored information in accordance with the Federal Rules of Civil Procedure. The Parties agreed that they will address the form of production of electronically stored information (e.g., electronic v. hard copy) in the context of specific discovery requests and bring any disputes to the Court at that time. Plaintiff adds the following observations: At the initial discovery conference, Plaintiff stated that he thought most electronically stored information concerning the December 5, 2007 auction is in the control of Defendants. Plaintiff specifically asked counsel for Sedo whether all discoverable material within its custody, possession or control was preserved in accordance with its obligations in light of the public posts made about changing the servers after the subject auction. Counsel for Sedo assumed that Plaintiff would be protected by prior correspondence to Sedo about that matter.

## J. Expert Discovery

**Plaintiffs' Position:** Expert Witness reports shall be provided as required under the Federal Rules. Plaintiff does not agree to Defendant's proposed schedule.

**Defendants' Position:** Defendants propose that the Parties exchange any expert witness reports and information under Federal Rule of Civil Procedure 26(a)(2) according to the following schedule:

- Plaintiff must provide expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2) within 90 days after the conclusion of the Mediation Proceedings before a Magistrate Judge.

- 8 -

- Defendants must provide expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2) within 120 days after the conclusion of the Mediation Proceedings before a Magistrate Judge.

- Expert discovery would close within 150 days after the conclusion of the Mediation Proceedings before a Magistrate Judge.

**K.    Class Action**

This case is not a class action and this is therefore not applicable.

**L.    Bifurcation**

The Parties agree that there is not a need to bifurcate trial or discovery.

**M.    Pretrial conference**

The Parties jointly propose that a final pretrial conference date be set after the completion of all discovery and the Court's decision on any dispositive motions, if any are filed.

**N.    Trial Date**

The Parties propose that a tentative trial date be set at the pretrial conference.

## ATTACHMENT A

## DEFENDANTS' PROPOSED DISCOVERY SCHEDULE AND OTHER DEADLINES

| Event | Deadline |
|---|---|
| Exchange of Witness Lists pursuant to Federal Rule of Civil Procedure 26(a)(1) | 10 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Motion or Stipulation to Amend the Pleadings/Add Additional Parties | 30 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge.<br><br>If any Party moves to join additional parties within 10 days before the end of the proposed 30-day period for joining additional parties, the other Party shall have 10 days from that date to move to add additional parties and to bring cross-claims, counterclaims, and third-party claims. |
| Designation of Plaintiff's experts who will testify under Federal Rule of Civil Procedure 26(a)(2) | 90 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Deadline for Completion of Fact Discovery | 120 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Designation of Defendants' experts who will testify under Federal Rule of Civil Procedure. 26(a)(2) | 120 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Deadline for completion of expert discovery | 150 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Motion for Summary Judgment or other Dispositive Motions | May be filed at any time. Oppositions or Cross-Motions for Summary Judgment shall be filed within 30 days after the filing of the Motion; reply briefs shall be filed within 15 days after the filing of the Opposition. |

Dated: April 9, 2008                                            Respectfully submitted,


/s/ Eric Menhart
Eric J. Menhart
Cyberlaw, P.C.
1200 G. Street, N.W., Suite 800
Washington, D.C.
eric.menhart@cyberlaw.pro
202-434-8711 (telephone)
240-539-6235 (facsimile)


/s/ Samir Jain
Samir Jain (D.C. Bar No. 456090)
Kathryn C. Arnold (D.C. Bar No. 483173)
WILMER CUTLER PICKERING HALE &
   DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
202-663-6000 (telephone)
202-663-6363 (facsimile)
Samir.Jain@wilmerhale.com
Kathryn.Arnold@wilmerhale.com

*Counsel for Defendant mTLD, LTD*




/s/ Dennis Hart
Dennis M. Hart (D.C. Bar No. 935643)
BUTERA & ANDREWS
1301 Pennsylvania Avenue NW, Suite 500
Washington, D.C. 20004
202-347-6875 (telephone)
202-347-6876 (facsimile)
dhart@butera-andrews.com


*Counsel for Defendant Sedo.com, LLC*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 9th day of April, 2008, a copy of the foregoing Joint Local Rule 16.3(d) Report was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

                                              /s/ Samir Jain
                                              Samir Jain

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PAUL CHMIEL,                     )<br>                                               )<br>            Plaintiff,            )<br>                                               )<br>v.                                         )<br>                                               )<br>SEDO.COM, LLC *et al.*,   )<br>                                               )<br>            Defendants.         )<br>                                               ) | Case No. 1:08-CV-00365 (HHK) |

**DEFENDANTS' [PROPOSED] SCHEDULING ORDER
PURSUANT TO LOCAL RULE 16.3(d)**

Upon consideration of the Parties' Joint Local Rule 16.3(d) Report and the requirements of Local Rule 16, the Court hereby **ORDERS** that this Order governs scheduling and discovery matters in this case.

| **Event** | **Deadline** |
|---|---|
| Commencement of Discovery | Stayed until the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Exchange of Witness Lists pursuant to Federal Rule of Civil Procedure 26(a)(1) | 10 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Motion or Stipulation to Amend the Pleadings/Add Additional Parties | 30 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
|  | If any Party moves to join additional parties within 10 days before the end of the proposed 30-day period for joining additional parties, the other Party shall have 10 days from that date to move to add additional parties and to bring cross-claims, counterclaims, and third-party claims. |

| | |
|---|---|
| Designation of Plaintiff's experts who will testify under Federal Rule of Civil Procedure 26(a)(2) | 90 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Deadline for Completion of Fact Discovery | 120 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Designation of Defendants' experts who will testify under Federal Rule of Civil Procedure 26(a)(2) | 120 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Deadline for completion of expert discovery | 150 days after the conclusion of Mediation proceedings before a U.S. Magistrate Judge. |
| Motion for Summary Judgment or other Dispositive Motions | May be filed at any time. Oppositions or Cross-Motions for Summary Judgment shall be filed within 30 days after the filing of the Motion; reply briefs shall be filed within 15 days after the filing of the Opposition. |
| Pretrial Conference | Date set after completion of discovery and the Court's decision on any dispositive motions, if any are filed. |
| Trial Date | Tentative trial date set at pretrial conference. |

**Other Discovery Matters**

1.  *Number of Depositions and Interrogatories:* The default limitations on the number of depositions and written discovery requests set forth in Federal Rules of Civil Procedure 30(a) and 33(a) shall apply.

2  *Notice of Depositions:* Depositions of individuals and Parties not located in the United States shall be noticed at a minimum of 20 business days in advance of the day of deposition to permit travel and other arrangements as needed for foreign travel.

- 3 -

This \_\_\_\_ day of April, 2008	_____
	The Honorable Henry H. Kennedy
	United States District Judge

- 4 -

Dated: April 9, 2008                                    Respectfully submitted,


/s/ Samir Jain
Samir Jain (D.C. Bar No. 456090)
Kathryn C. Arnold (D.C. Bar No. 483173)
WILMER CUTLER PICKERING HALE &
  DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
202-663-6000 (telephone)
202-663-6363 (facsimile)
Samir.Jain@wilmerhale.com
Kathryn.Arnold@wilmerhale.com

*Counsel for Defendant mTLD, LTD*


/s/ Dennis Hart
Dennis M. Hart (D.C. Bar No. 935643)
BUTERA & ANDREWS
1301 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20004
202-347-6875 (telephone)
202-347-6876 (facsimile)
dhart@butera-andrews.com


*Counsel for Defendant Sedo.com, LLC*

- 5 -

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 9th day of March, 2008, a copy of the foregoing Defendants' Proposed Scheduling Order Pursuant to Local Rule 16.3(d) was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

      /s/ Samir Jain  
      Samir Jain

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**PAUL CHMIEL**                         )
                                        )
    **Plaintiff,**    )
                                        )
    **v.**             )    Case No. 1:08-cv-00365-HHK
                                        )
**SEDO.COM, LLC, ET AL.**               )
                                        )
    **Defendants**     )
_____)

## **ORDER**

In consideration of the Parties' Rule 16 Joint Statement it is hereby ORDERED, that this action shall be governed by the following schedule:

1. The parties shall adhere to the "Track Two (Standard)" schedule as it appears in the Court's March 11, 2008 "Order for Initial Scheduling Conference."

2. Pretrial Conference, trial date and any other relevant dates shall be determined upon completion of discovery.

3. Depositions, Interrogatories, and Requests for Production of Documents shall be governed by the standards in the Federal Rules of Civil Procedure.

4. No dispositive motions shall be filed until a final ruling on the Plaintiff's pending Motion for Preliminary Injunction because such dispositive motions would be duplicative of issues presently being addressed by the Motion for Preliminary Injunction.

SO ORDERED:

_____
Judge Henry H. Kennedy, Jr.
U.S. District Court for the District of Columbia

Respectfully submitted,


_____
Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
eric.menhart@cyberlaw.pro
Phone: 202-904-2818
Fax: 240-539-6235
http://www.cyberlaw.pro

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of April, 2008, a copy of the foregoing was electronically filed with the Clerk of the Court. All counsel of record registered with the Court's electronic filing system were automatically served by the system.

_____
Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
eric.menhart@cyberlaw.pro
Phone: 202-904-2818
Fax: 240-539-6235
http://www.cyberlaw.pro